McLEESE, Associate Judge,
concurring in the judgment:
I agree that the trial court did not abuse its discretion in responding to the government’s failure to produce in discovery (1) a liquor bottle that officers testified they found in the car Mr. Koonce had been driving; and (2) police-station video that may have depicted Mr. Koonce’s condition after Mr. Koonce was arrested. I also agree that the trial court did not abuse its discretion in instructing the jury about Mr. Koonce’s refusal to submit samples for chemical testing. I therefore concur in the judgment. I write separately, however, because I cannot join the court’s discussion of the question whether the police had a duty to preserve the police-station video.
My reservations about the court’s discussion of that question are in large part procedural. First, the discussion is unnecessary to the resolution of the appeal, given the court’s holding that the trial court did not abuse its discretion in selecting the appropriate sanction for any discovery violations. Second, the parties have not briefed the question whether the government had a duty to preserve the police-station video. Rather, they essentially take as a given the trial court’s finding of a discovery violation. Third, whether, and if so in what circumstances, the government has a duty under Rule 16 of the Superior Court Rules of Criminal Procedure to preserve police-station surveillance video is a question of first impression in this court, and the opinion for the court in this case does not cite pertinent authority from other jurisdictions addressing the question. Fourth, as I briefly explain infra, the question seems to me more difficult than is *1024 reflected in the opinion of the court. Well settled principles argue against deciding difficult questions of first impression that are unbriefed and unnecessary to the disposition of the case. See, e.g., National Aeronautics & Space Admin. v. Nelson, 562 U.S. 134, 147, 131 S.Ct. 746, 756 n. 10, 178 L.Ed.2d 667 (2011) (“It is undesirable for us to decide a matter of this importance in a case in which we do not have the benefit of briefing by the parties.... ”); Local 144 Nursing Home Pension Fund v. Demisay, 508 U.S. 581, 592 n. 5, 113 S.Ct. 2252, 124 L.Ed.2d 522 (1993) (dicta that are “uninvited, unargued, and unnecessary to the Court’s holdings” are inconsistent with doctrine of judicial restraint); United States v. Adams, 740 F.3d 40, 43 (1st Cir.) (“This prudential approach makes eminently good sense: ... [discretion is often the better part of valor, and courts should not rush to decide unsettled legal issues that can easily be avoided.”) (internal quotation marks omitted; brackets in Adams), cert. denied, — U.S.-, 134 S.Ct. 2739, 189 L.Ed.2d 775 (2014); Crown EMAK Partners, LLC v. Kurz, 992 A.2d 377, 398 (Del.2010) (“[I]t is unnecessary for this Court to decide that issue, because a decision either way would not alter the result we have reached nor would a gratuitous statutory interpretation resolving this difficult issue be prudent.”).
Given the foregoing, I am not inclined to add extended dicta of my own about whether the police violated a duty to preserve video evidence in this case. I do, however, have three brief observations. First, I tentatively agree with the court’s suggestion that whether the police have a duty under Rule 16 to preserve a given item of potential evidence turns on whether, at the relevant time, the police reasonably should have appreciated a sufficient likelihood that the item would be discoverable in a prosecution. Cf. Arizona v. Youngblood, 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988) (assessing due-process claim, Court refuses to “impos[e] on the police an undifferentiated and absolute duty to retain and preserve all material that might be of conceivable evidentiary significance in a particular prosecution[,]” and instead adopting standard that “limits the extent of the police’s obligation to preserve evidence to reasonable bounds”); California v. Trombetta, 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984) (under Due Process Clause, duty to preserve evidence does not arise unless evidence “possess[ed] an exculpatory value that was apparent before the evidence was destroyed”); Gerlich v. United States Dep’t of Justice, 404 U.S.App.D.C. 256, 265-66, 711 F.3d 161, 170-72 (2013) (in civil litigation, party has duty to preserve records “likely relevant” to reasonably foreseeable future litigation). My views on this point are tentative, however, because the parties have not briefed the point, the court in this case does not cite pertinent authority, and my quick search has not located clear authority on the point from this court or other courts.
Second, assuming that the duty to preserve an item turns on whether the police should reasonably have appreciated a sufficient likelihood that the item would be discoverable, the issue then becomes what degree of likelihood is sufficient. The parties have not briefed that issue, the court in this case does not cite pertinent authority on the issue, and my quick search has not shed meaningful light on the issue.
Third, assuming that we knew what degree of likelihood is sufficient, the next issue would be whether the police should reasonably have understood that police-station video in this case was sufficiently likely to be discoverable. I have reservations about both the legal and the factual aspects of the court’s brief discussion of that issue. On the legal side, the court relies primarily on a case involving police- *1025 station video depicting officers administering a field-sobriety test. State v. Ferguson, 2 S.W.Bd 912, 917-18 (Tenn.1999). It seems obvious, however, that the police should realize the need to preserve video depicting a police-administered test directed at creating evidence of guilt or innocence. It seems less obvious whether, and if so in what circumstances, the police should reasonably be expected to appreciate the need to preserve general police-station surveillance video. The parties have not briefed that issue, the court does not cite any case addressing the issue, and my quick search has not uncovered any such case. On the factual side, the court’s discussion appears to imply that the un-preserved video would have depicted Mr. Koonce walking into the police station, refusing to submit samples for chemical testing, and lying unresponsive in the cell-block. In fact, the record on this point consists only of general testimony that there are cameras in the pertinent police station that capture images of defendants being brought into' the station, images during the booking process, and images from the cellblock. There was no testimony about how comprehensive the cameras’ coverage might be or what specifically would likely have been depicted in this case. And given the absence of an indication that sound was recorded, it is not clear that police-station video would in any event have shed light on whether Mr. Koonce refused to submit samples for chemical testing.
In sum, the court’s opinion unnecessarily addresses in dicta an important question of first impression, without the benefit of briefing by the parties. I also have substantial reservations about the court’s discussion of the question. I therefore respectfully concur only in the judgment.